# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| HANNAH FAIRBANKS, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:24-cv-394 |
| v. ) | |
| ) | Judge Atchley |
| TENNCARE, *et al.*, ) | |
| ) | Magistrate Judge Steger |
| *Defendants*. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Stephen Smith, in his official capacity as Director of TennCare, and Tennessee Department of Finance and Administration's (collectively "TennCare") Motion to Dismiss [Doc. 26], Defendant Clarence Carter's, in his official capacity as the Commissioner of the Tennessee Department of Human Services, Motion to Dismiss [Doc. 28], Plaintiff Hannah Fairbanks's Motion to Amend Complaint to Correct Procedure Issues and Deficiencies [Doc. 32], and Plaintiff's Motion to Remove Amended Complaint and Revert to Previous Complaint [Doc. 36]. Both TennCare and Mr. Carter seek dismissal of Plaintiff's claims. For the reasons explained below, Defendants' Motions to Dismiss [Docs. 26, 28] will be **GRANTED**, Plaintiff's Motion to Amend [Doc. 32] will be **DENIED AS MOOT**, Plaintiff's Motion to Remove Amended Complaint and Revert to Previous Complaint [Doc. 36] will be **DENIED AS MOOT**, and Plaintiff's Amended Complaint [Doc. 19] will be **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

Patricia Womac is the mother, guardian, and conservator of Hannah Fairbanks, a disabled adult TennCare beneficiary. [Doc. 19]. Since 2018, Ms. Fairbanks received 126 hours per week of in-home Private Duty Nursing ("PDN") services covered by TennCare. [*Id.* at 4]. Upon notification from BlueCare that Ms. Fairbanks's nursing care was changing at age 21, Ms. Womac sought an administrative hearing to dispute the termination of Ms. Fairbanks's PDN services. [*Id.*]. According to Ms. Womac, TennCare claimed that there was "no factual dispute" and denied Ms. Fairbanks a hearing. [*Id.* at 6].

Based on the denial of benefits and refusal to permit an administrative hearing, Ms. Womac, proceeding pro se, filed this action on behalf of Ms. Fairbanks. Ms. Womac alleges that TennCare failed to adequately assesses Ms. Fairbanks' medical needs before denying her PDN services and, as a result, violated her due process rights. [*Id.*]. In addition, she alleges that Ms. Fairbanks's change in care constitutes discrimination based on her disability. [*Id.*]. Ms. Womac seeks declaratory and prospective relief, requesting for the reinstatement of 126 weekly hours of at-home PDN coverage, as well as a renewed medical evaluation of Ms. Fairbanks's needs. [*Id.* at 5]. In the alternative, she seeks TennCare-funded accommodations for Ms. Fairbanks to remain with Ms. Womac at no out-of-pocket expense. [*Id.*].

## II. STANDARD OF REVIEW

On a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Engler v. Arnold*, 862 F.3d 571, 574-75 (6th Cir. 2017) (internal quotations omitted). "The [plaintiff's] factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief*.*" *League of*

*United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 575 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

As to the Motion for Leave to Amend, Federal Rule of Civil Procedure 15(a)(2) requires leave to amend be freely given "when justice so requires." This analysis requires the Court to consider undue delay in filing, lack of notice to the opposing party, bad faith by the movant, failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and the futility of the amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). "Amendment to a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F. 3d 803, 817 (6th Cir. 2005).

### III. ANALYSIS

#### a. Motion to Dismiss

It is well-settled that a party proceeding pro se may only represent themselves and not another party. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . .."); *Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2002) ("Although 28 U.S.C. § 1654 provides that 'in all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake."); *Esaw v. Metro Police*

*Dep't*, No. 3:12-0639, 2012 U.S. Dist. LEXIS 109562, at *4 (M.D. Tenn. Aug. 2, 2012) ("Mrs. Esaw is not authorized to represent her son *pro se* even if she is a conservator.").

As a pro se litigant, Ms. Womac cannot assert claims on behalf of another individual, even if that person is her child, ward, or conservatee. *See Huntsman v. Sumner Cty. Jail*, No. 3:19-cv-01088, 2020 U.S. Dist. LEXIS 38352, at *4 (M.D. Tenn. Mar. 5, 2020) ("In other words, an individual typically cannot bring suit under § 1983 based on violations of a third person's constitutional rights."). In her Amended Complaint [Doc. 19], Ms. Womac alleges violations of 42 U.S.C. § 1983, the Rehabilitation Act, the Americans with Disabilities Act (ADA), and the Due Process Clause; however, each of these claims stems from Defendants' decision to terminate Ms. Fairbanks's TennCare benefits and the ensuring procedural process. While the Court acknowledges Ms. Womac's understandable concern for her adult daughter's well-being, the rights at issue belong to Ms. Fairbanks, not Ms. Womac.

The holding in *L.A. v. Mitchell*, No. 3:12-cv-810, 2013 U.S. Dist. LEXIS 97311 (M.D. Tenn. July 12, 2013), is particularly instructive to this instant action. In *Mitchell*, the plaintiff, a co-conservator of an adult ward, filed a pro se action, alleging that defendants, including the Tennessee Department of Human Services and other various state officers, interfered with her conservator obligations in violation of the ADA. *Mitchell*, 2013 U.S. Dist. LEXIS 97311, at *2–4. The court noted that the plaintiff, in her complaint, did "not mention which of her rights under the ADA have been violated, but does state in her affidavit some of L.A.'s rights that she believes have been violated." *Id.* at *3. The court found that plaintiff raised no claims on her own behalf but strictly claimed a right to relief on behalf of her conservatee. *Id.* at *10. As such, the court dismissed the action, holding that a conservator may not bring a pro se action on behalf of a child or ward. *Id.*

Here, Ms. Womac is attempting to assert the rights of Ms. Fairbanks without the assistance of counsel. It was Ms. Fairbanks who received the TennCare benefits, and it is her due process rights that would have been violated if Defendants acted improperly. Similar to the requested relief in *Mitchell*, the relief Ms. Womac requests—reinstatement of 126 weekly hours of at-home PDN services, or alternatively, TennCare-funded accommodations—relates solely to Ms. Fairbanks's benefits and legal interests, not her own. Ms. Womac, who is not an attorney, cannot represent Ms. Fairbanks's interest. Without an attorney, Plaintiff's claims cannot be litigated by a pro se party. Moreover, the Court denied Plaintiff's Motion to Appoint Counsel. [Doc. 38].

Because Ms. Womac cannot proceed pro se on behalf of Ms. Fairbanks, there is no reason for this Court to address the other arguments in Defendants' motions to dismiss. Accordingly, Defendants' motions to dismiss [Docs. 26, 28] are **GRANTED**.

### b. Motion to Amend

As to Plaintiff's Motion to Amend [Doc. 32], the Court finds that any amendment would be futile because Ms. Womac would still be asserting claims on behalf of Ms. Fairbanks without an attorney. In her Motion to Amend [Doc. 32], Ms. Womac provides a proposed amended complaint which now refers to *Ex Parte Young* and replaces the narrative portion of her Amended Complaint with numerous exhibits and some explanation. The proposed complaint asserts the same factual basis as before; however, it is unclear what Plaintiff's asserted claim of relief is and the remedy she seeks. Under the "Statement of Claim" heading, the proposed amended complaint provides,

> Private duty nursing care for 21 and older is an optional TennCare benefit. Medicaid allows this as long as it complies with federal regulations, federal law permits TennCare from deviating and setting arbitrary limits if it's necessary for an individual facing termination of that service.

[Doc. 32 at 6]. For the relief requested, Plaintiff states that "a change is needed in TennCare policy." [*Id.* at 34].

5

Plaintiff's proposed amended complaint is woefully deficient, and even construing the complaint as liberally as possible, the proposed amendment would still be futile. Presumably, Plaintiff seeks some form of injunctive relief compelling TennCare to change how PDN services are offered, and ultimately, have them reinstated for Ms. Fairbanks. Yet even if the Court were to grant leave to amend, Ms. Womac would still be attempting to assert claims on behalf of another individual while proceeding pro se—something she is not permitted to do. Furthermore, Plaintiff has since filed a Motion to Remove Amended Complaint and Revert to Previous Complaint [Doc. 36], claiming that the "most recent complaint was filed by mistake and contained unintended errors that can be corrected by referring to the previous complaint." With this filing, it is unclear whether Plaintiff still wishes to amend her Amended Complaint or merely rely on her original complaint. In any event, Plaintiff's proposed amendments would still not permit the complaint to survive the motions to dismiss because Ms. Womac has still not asserted a claim on her own behalf. Since Ms. Womac has not appointed an attorney, her claims on behalf of Ms. Fairbanks cannot stand.

Accordingly, because Plaintiff's proposed amendments would be futile, her Motion to Amend [Doc. 32] is **DENIED AS MOOT**.

  c. **Motion Remove Amended Complaint and Revert to Previous Complaint**

Plaintiff has filed a Motion to Remove Amended Complaint and Revert to Previous Complaint [Doc. 36], claiming that "conservership [sic] forms weren't submitted with the previous complaint by mailing error." Plaintiff asserts that this error can be corrected by referring to the conservatorship forms mailed with the original complaint that was filed. [*Id.*].

As the Court has already explained, Ms. Womac cannot litigate on behalf of Ms. Fairbanks, even if she is her lawful conservator. *See Mitchell*, 2013 U.S. Dist. LEXIS 97311, at * 10 ("Further, while Ms. Ennis is not a parent bringing a suit on behalf of a child, the reasoning of *Shepherd* follows that a co-conservator also may not bring a pro se action on behalf of a child or ward. While

6

Fed. R. Civ. P. 17(c) allows for a conservator to 'sue or defend on behalf of. . . an incompetent person,' this rule does not allow the conservator to act as attorney for the ward."). Even if the Court allowed the Plaintiff to remedy the purported errors, it would not affect the Court's holding on Defendants' motions to dismiss. Plaintiff's claims can only survive if she is represented by an attorney. Seeing that she is not, her claims cannot survive.

Accordingly, Plaintiff's motion [Doc. 36] is **DENIED AS MOOT**.

### IV. CONCLUSION

For the reasons stated above, Defendants Stephen Smith and Tennessee Department of Finance and Administration's Motion to Dismiss [Doc. 26] and Defendant Clarance Carter's Motion to Dismiss [Doc. 28] are **GRANTED**. All of Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. In addition, Plaintiff's Motion to Amend Complaint to Correct Procedure Issues and Deficiencies [Doc. 32] and Plaintiff's Motion to Remove Amended Complaint and Revert to Previous Complaint [Doc. 36] are **DENIED AS MOOT**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**